### AUTOMATIC RACKING MACH. CO. v. WHITE RACKER CO. et al.

#### (Circuit Court, N. D. Illinois, E. D.    February 2, 1906.)

#### No. 27,966.

1. PATENTS—CONCLUSIVENESS OF DECISION OF PATENT OFFICE—SUIT FOR INFRINGEMENT—ESTOPPEL TO DENY VALIDITY.

The defeated party in an interference proceeding in the patent office, which involved only the issue of priority of invention, is not estopped by

the decision to contest the validity of the patent granted to the successful party, when sued for its infringement on the ground of lack of patentable novelty or invention.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 164, 165.]

2. SAME—SETTLEMENT BY LICENSEE—ESTOPPEL AGAINST LICENSEE.

The settlement by a licensee under a patent of a suit brought against it for infringement of another patent does not estop its licensor, who was not a party, and did not participate in the settlement, from subsequently contesting the validity of the patent sued on.

3. SAME—PRELIMINARY INJUNCTION.

A preliminary injunction against infringement of the Gangwisch patent, No. 647,298, for an apparatus for racking beer, denied, on the ground that its validity was not established by adjudication nor public acquiescence, and was contested by defendant, and could not be determined on the showing made.

In Equity. On motion for preliminary injunction.

John W. Mundy, for complainant.
Banning & Banning, for defendants.

KOHLSAAT, Circuit Judge. This is a motion for a preliminary injunction to restrain defendants from infringing claim 19 of patent No. 647,298, granted to Richard H. Gangwich April 10, 1900, for an apparatus for racking beer. The patent has 46 claims; the injunction, howeve-, being asked as to one claim only (claim 19), which is as follows:

"(19) In a filling machine, a combination of the filling-tube adapted to enter the receptacle, an air-cylinder, and a piston therein secured to said filling-tube, and adapted to operate same, substantially as shown and described."

There has been no adjudication as to any of the claims of said patent. Complainant bases its motion on the grounds that the moving papers show public acquiescence in the validity of the patent, as well as facts constituting an estoppel on the part of defendants to deny its validity. The application for the Gangwisch patent was filed October 16, 1895. While said application was pending, Royal C. and H. A. White filed in the patent office an application for a patent upon a similar machine. Two interferences were declared upon said pending applications—the first in 1897 on claims not at this time involved, and the second on December 18, 1898, with reference to said claim 19. In the first interference the Whites were paid $1,000 by Gangwisch, and withdrew in his favor. In the second, involving the claim here in issue, no contest was made by White, and the decision thereon was likewise in favor of Gangwisch. The Gangwisch patent was subsequently assigned to complainant herein. The moving papers show that a suit for infringement was begun by the original owners of the Gangwisch patent against complainant herein, who was operating under the Colby patent, No. 651,651, for a racking machine, which litigation was settled by complainant taking a license under said Gangwisch patent. Subsequently complainant purchased said patent. Suits were then brought by complainant against alleged infringers of these two patents in three several instances, and the litigation in each

case was settled; the alleged infringer either retiring from the field, or taking a license under the Gangwisch patent. One of these was Charles Kaestner & Co., which said concern was operating under the White patent, No. 588,308, under an agreement with Royal C. White, defendant herein, providing for the payment of royalties to said White. By a settlement with the Automatic Racking Machine Company on or about December 19, 1904, in a suit brought by said company against Fortune Bros. Brewing Company and Kaestner & Co. for infringement of the Gangwisch and Colby patents, Kaestner & Co. retired from the business of manufacturing and selling racking machines, and submitted to the entry of a permanent injunction against themselves in complainant's favor. White was not a party to this suit by name. It is insisted by complainant on this motion that White was a partner in the enterprise of Kaestner & Co., and is bound by the settlement agreement of complainant with them, and that he is therefore now estopped to deny the validity of the Gangwisch patent, or of any claim therein. Shortly after the Kaestner settlement and their retirement from business, White organized the White Racker . Company, also made a defendant herein, which said company is at present engaged in selling racking machines.

That defendants' device is an infringement of claim 19 of the Gangwisch patent is not denied. The motion for the injunction is resisted on the ground that the claim is for a double use of an old device, and therefore void. That defendants are not estopped to assert the want of patentable novelty in the subject-matter of said claim by reason of the proceedings in the patent office seems clear. Haughey v. Lee, 151 U. S. 282, 14 Sup. Ct. 331, 38 L. Ed. 162. The issue in the interference proceedings was that of priority of invention alone, and was in no way decisive of the question as to whether the subject-matter of the claim was the result of more than mechanical skill. Apart, then, from the presence in this suit of a defendant who was a stranger to those proceedings, White himself can raise the question of invention, unless the Kaestner settlement forecloses him. I am unable to find from the facts presented on this motion that it does. At the time of the settlement in question, Kaestner & Co. was a corporation. The relation between it and White, so far as can be ascertained from the somewhat indefinite facts before the court, seems to have been that of licensee and licensor. White did not sign the agreement for settlement with complainant, and he denies the statement made by the moving papers that he knew of and approved the terms thereof. In my judgment, the record presented for the purposes of this motion would not justify a finding adverse to his right to be heard upon the question of the validity of the patent.

Coming, then, to consider the matter upon the merits, the evidence does not satisfy me that a preliminary injunction should issue on the record as it now stands. The history of the litigation over the patent is of a nature that leaves it uncertain whether the defense to those suits was hopeless, or whether it was merely inexpedient, in the judgment of the various defendants, to continue such litigation; and the question of the value of these various settlements as denoting public

acquiescence in the validity of the Gangwisch patent is further confused by the presence of the Colby patent as a factor therein. It appears that the Colby patent has been sustained by the court, and that fact may have been controlling in effecting the settlement. The evidence is clear that, so far as White is concerned, he has steadily declined to acknowledge the validity of said claim in suit, and has been engaged since 1898 in building and selling racking machines which infringed claim 19, and complainant was aware of said infringement. Why complainant delayed seven years before bringing suit against him does not appear, and the delay must be considered on this motion against complainant's right to an injunction. Blakey v. Kurtz (C. C.) 78 Fed. 368. Defendant cites 36 patents of the prior art in support of the contention that the claim herein is void. There is no discussion of these patents by complainant's expert, nor does the record afford adequate means for ascertaining their bearing as anticipatory references. Complainant's expert states generally that he knows of nothing that can be produced to impugn the novelty of said claim. There is nothing before the court to show that he knows of and has considered in this connection these various patents cited by defendants. Upon such a showing, I find myself unable to adjudge as to the validity of said claim.

The case should go to final hearing and be determined on full proofs. No reason appears why the proof cannot be completed within a short time. If the issue is to be narrowed to claim 19, certainly no extended period for the taking of testimony is necessary. No showing is made by complainant as to the inability of defendants to respond in damages should an injunction and accounting eventually go against them.

For these reasons, the motion for a preliminary injunction will be denied at the present time.