**BULLDOG ELECTRIC PRODUCTS CO. v. COLE ELECTRIC PRODUCTS CO., Inc., et al.**

Civil Action No. 2726.

District Court, E. D. New York.

July 26, 1943.

Parker & Duryee, of New York City (Daniel G. Cullen, of Detroit, Mich., and Robert M. Benjamin, of New York City, of counsel), for plaintiff.

Levisohn, Niner & Levisohn, of New York City (Edwin Levisohn and Harry Cohen, both of New York City, of counsel), for defendant Cole Electric Products Co., Inc.

Victor S. Beam, Thomas J. Byrne, and Cooper, Kerr & Dunham, all of New York City, for defendant Westinghouse Electric & Mfg. Co.

GALSTON, District Judge.

Westinghouse Electric & Manufacturing Company, pursuant to the provisions of Rules 12(b) and (c), and 56(b) and (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, moves for summary judgment in respect to three of the nine patents alleged to be infringed.

Of these, Patent No. 2,041,675 was issued October 9, 1933 to the plaintiff as assignees of the inventors, William H. Frank and Joseph W. Hopp. As a result of prior litigation involving this patent

against a different defendant, Claim 13 was held invalid and a disclaimer was filed March 15, 1943, by the assignee, Bulldog Electric Products Co. It is now contended that Claims 6, 7, 14 and 16 should also have been disclaimed, for it is argued that they are essentially similar to Claim 13. The failure to disclaim them, say the defendants, renders the patent void, reliance being had upon Maytag Co. v. Hurley Machine Co. et al., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264; Bresnick et al. v. United States Vitamin Corporation, 47 F.Supp. 993; Apex Electrical Mfg. Co. v. Maytag Co., 7 Cir., 122 F.2d 182; Duraloy Co. v. Carnegie-Illinois Steel Corporation, D.C., 43 F.Supp. 291; Texas Co. v. Anderson-Prichard Refining Corporation, 10 Cir., 122 F.2d 829; Dunbar v. Myers, 94 U.S. 187, 24 L.Ed. 34; and Simplex Railway Appliance Co. v. Pressed Steel Car Co., 2 Cir., 189 F. 70.

■ If the claims are essentially similar, then clearly under the authority of the foregoing cases the patent must be held invalid. Exhibit A attached to the affidavit of defendant's witness Barthel is helpful as facilitating a ready comparison of Claims 6, 7, 14 and 16 with Claim 13 of Patent No. 2,041,675. "A sectional duct run comprising duct sections joined end to end and divided longitudinally into cooperating members" is found substantially in Claim 6. As therein described the language is: "A duct run comprising standard bus duct sections, each of which includes a closed duct run containing two bus runs." It is true that the duct sections of Claim 6, as thus defined, are not stated to be divided longitudinally, but on the contrary each section comprises two superimposed halves of equal length. Such too is the language of Claim 7. In Claims 14 and 16 there is the reference to the longitudinal sections following the verbiage of Claim 13. Continuing with the elements of Claim 13 it is stated of these sectional ducts, "one of which overlaps the other at one end and underlaps the other at the other end." This overlapping feature is present as an element in each of Claims 6, 7, 14 and 16; and though in Claims 6, 7 and 16 the limitation to a symmetrical arrangement is not found, there is such limitation in Claim 14. In Claim 13 there is a provision for "plug entrances on opposite sides of the duct, etc." which is not found in any of the other claims in question. On the other hand,

there is an element in Claims 6 and 7 which it is contended by Barthel is not found in Claim 13, i. e., "the bus runs of each standard section being of the same length as the duct run of that standard section," as stated for example in Claim 6. Barthel finds too that Claims 14 and 16 make provision for "the duct halves provided with external flange means for joining the halves longitudinally and for providing anchorages for the duct run."

Despite the apparent dissimilarities—they appear to be verbal at best—and the omission of one element of Claim 13, and the provision in Claims 6, 7, 14 and 16 of another element, the four claims in question are essentially similar to Claim 13. Certainly whether the lap scarf joint was equipped with plug-in openings can in no way affect its function, and the omission of the double sided plug-in holes stagg....ed or off-set, still leaves Claims 6, 7, 14 and 16 pure aggregations. The relative lengths of the bus runs in the ducts, as defined in Claims 6 and 7, do not avoid aggregation. So too, so far as 14 and 16 are concerned, the provision of external flanges is not seen to bring about such cooperative relationship as to relieve those claims of the infirmity of aggregation.

Passing now to patent No. 2,059,988, this patent also was litigated prior to the institution of the present suit, and Claim 1 thereof was charged to be infringed and was held to be anticipated by a prior structure of the defendant in that action.

■ As to this patent the plaintiff seeks to amend the complaint and alleges that the plaintiff no longer relies in this action on that patent, having disclaimed since the action was commenced Claim 1 of the patent, which is the only claim of the patent heretofore specified in plaintiff's bill of particulars. The motion to eliminate that patent from the issues of the suit is opposed by the defendant Cole Electric Products Co., Inc., which had filed and served its answer before plaintiff served its motion for leave to amend. In its answer the defendant pleaded a counterclaim with respect to all of the patents specified in the complaint. Pursuant to Rule 41 of the Federal Rules of Civil Procedure, the plaintiff's motion will be granted, but only on condition that the counterclaim remain for adjudication, for since the counterclaim raises the question of the validity of the entire patent, the defendant is entitled to have that issue de-

termined. Sola Electric Company v. Jefferson Electric Company, 7 Cir., 125 F.2d 322, decided December 7, 1942.

The motion seeks also to have Patent No. 2,059,986 declared invalid because of the failure of the plaintiff to disclaim Claims 2 and 4 thereof. No claim of this patent has been held invalid, nor has any disclaimer been filed with respect to it. There is no authority cited which supports the assertion that because there is the same ownership of two or more patents, a disclaimer filed in one compels action in the other patent so owned. The rule of the Maytag case certainly does not go to any such lengths, nor is there any provision in the patent statutes which compels such action. The plaintiff is entitled to sue on the claims of this patent and the motion for summary judgment cannot be granted as to this patent because of alleged similarity of any of its claims with Claim 13 of Patent No. 2,041,675, or Claim 1 of Patent No. 2,-059,988. Nor in this motion for summary judgment should the plaintiff be foreclosed from offering proof at a trial on the merits in opposition to the contention that Claims 2 and 4 of this patent are aggregations.

The motion of the defendant for summary judgment is granted in part as indicated. The motion of the plaintiff to amend the complaint is also granted in part, as indicated.

Submit orders on notice.