## BULLDOG ELECTRIC PRODUCTS CO. v. COLE ELECTRIC PRODUCTS CO., Inc., et al.

### Civil Action No. 2726.

District Court, E. D. New York.

Dec. 20, 1944.

588

See, also, 57 F.Supp. 336; 59 F.Supp. 588.

Morris Hirsch and Dean, Fairbank & Hirsch, all of New York City (Daniel G. Cullen and Abraham J. Levin, both of Detroit, Mich., of counsel), for plaintiff.

Thomas J. Byrne and Cooper, Kerr & Dunham, all of New York City (Victor S. Beam and Thomas J. Byrne, both of New York City, and Ralph·H. Swingle, of East Pittsburgh, Pa., of counsel), for defendant Westinghouse Electric & Manufacturing Co.

Levisohn, Niner & Levisohn, of New York City, for defendant Cole Electric Products Co., Inc.

MOSCOWITZ, District Judge.

The plaintiff has made a motion herein for leave to take depositions in opposition to a motion made by one of the defendants, Westinghouse Electric and Manufacturing Company, for summary judgment on its counterclaim.

The relief sought by the defendant is for summary judgment adjudicating plaintiff's patent No. 2,285,770 invalid.

Plaintiff's purpose in seeking the depositions is to establish that the defendant has "unclean hands". Both Judge Galston on February 28, 1944, and Judge Abruzzo on August 11, 1944, have decided in this same case that where the defendant, as here, is seeking to establish the invalidity of plaintiff's patent, plaintiff is not permitted to assert as a defense that the defendant is acting with "unclean hands". This is the law of the case and is therefore binding upon this court. See Mutual Life Insurance Co. v. Hill, 193 U.S. 551, 554, 24 S.Ct. 538, 48 L.Ed. 788.

It would be unseemly for a judge of co-ordinate jurisdiction to review the decisions of his associates even if such views were in conflict with his own and this court expresses no such view.

Judge Galston vtry aply points out that[1]:

"If the Westinghouse Company were seeking to enforce in this counterclaim one of its own patents, the doctrine of unclean hands .might be available to a defendant; but the doctrine has not yet been extended to serve the owner of a patent who threatens suit against a defendant whom he charges generally with unclean hands. The motion is wholly without merit and must be denied".

A particular act or acts establishing "unclean hands" may be asserted as a defense only in an instance where the party guilty thereof seeks an adjudication of its right with respect to which the "unclean hands" occurred. See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293. The doctrine of "unclean hands" may be asserted against the owner of a patent seeking to assert its validity. That is not the case here. Even if the "unclean hands" doctrine were asserted against the defendant, it would avail the plaintiff naught.

The motion to take depositions is denied.

Settle order on notice.

---

[1] No opinion for publication.