LONG CORPORATION, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, HON. J. M. CALDERÓN, JR., JUDGE, Respondent; ANTHONY GRIECO, Intervener.

No. 1868.   Argued February 7, 1951.—Decided August 6, 1951.

*Juan Rodríguez De Jesús, Raúl Trujillo Santiago,* and *Mariano Canales Delgado,* for petitioner.   *Otero Suro & Otero Suro* for intervener, complainant in the main action.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Anthony Grieco obtained judgment against Long Corporation in the amount of $535.50 in a suit for the recovery of a monthly salary for discharge without just cause,[1] in accordance with Act No. 43 of April 28, 1930 (Sess Laws, p. 356), as amended by Act No. 84 of May 12, 1943 (Sess.

---

[1] The judgment of the lower court in said case was rendered on March 4, 1949, and on appeal the judgment was confirmed by this Court, Per Curiam, on November 14, of the same year.

Laws, p. 196). In his complaint he alleged that the contract under which he worked for said entity at the time of his wrongful discharge was one for indefinite time.[2]

On August 11, 1949 Grieco filed civil action against Long Corporation claiming the sum of $4,750 for damages for nonfulfilment of said contract, alleging that he was discharged by defendant without any just cause, after having worked for the Long Corporation, for nine months, 10 days, at a weekly salary of $125, but "still remaining thirty-eight weeks before the expiration of the minimum term guaranteed" by defendant, according to the notice published by the latter in a weekly review entitled "Engineering News Record" in which "it was stated that the minimum term for the employment would be 18 months," [3] which notice induced plaintiff to accept the job.

Defendant moved for the dismissal of the complaint and also prayed for summary judgment [4] in its favor, inasmuch as there was no essential fact in controversy, because in the first suit the nature of the contract for services had already been adjudicated and it being so, plaintiff had no cause of action against it. To review the refusal of the lower court to grant the request, we issued the writ of certiorari.

■■ It is unnecessary to consider separately the errors assigned by the petitioner. We believe that in the present case the doctrine of collateral estoppel by judgment is applicable, and that, therefore, the intervener herein cannot

---

[2] Section 1 of the said Act provides:

"Every employee of an industry or other lucrative business whose services are contracted for without a definite term, who is discharged without just cause, shall be entitled to receive as indemnity from his employer, in addition to such salary as he may have earned, one month's salary; *Provided*, That the provisions of this Act shall not be applicable to commercial shop-clerks or factors, to whom the provisions of the Code of Commerce shall apply."

[3] The notice read on this matter: "Length of job 18 months; may extend to 5 years."

[4] To the motion for summary judgment defendant added separate documents tending to prove the facts alleged therein.

claim damages from petitioner on the ground of nonfulfilment of his contract of services, because the nature of the contract and the indefinite time of its duration—which was a necessary fact in order that Grieco could obtain, as he did obtain, the salary claimed by him in the former suit—was tried and necessarily determined in said suit. In order that his action could prosper under the law invoked in the former case, Grieco had to depend on the indefinite character of his contract of services, for otherwise, his claim would have been without a basis. That was the position he assumed in the first suit. And in order to reach the conclusion that Grieco was entitled to the salary claimed, the lower court had necessarily to consider the contract as for an indefinite time. Grieco argues that the lower court made no pronouncement whatever in that respect when it rendered judgment in his favor. But it being an indispensable fact which was necessarily included in ascertaining the right of Grieco to the amount claimed by him, it is obvious that in rendering judgment for him there was an adjudication to that effect, although no language was used expressly stating it.

The second suit of Grieco, that is, his claim for damages for nonfulfilment of the contract between him and petitioner, is based on the existence of a contract for a fixed minimum term of 18 months, as intervener contends. Grieco's view is inconsistent with the one assumed in the former suit on the same contract, and in which he obtained a month of salary for illegal discharge under the provisions of the Act No. 84 already cited.

Although we believe that the plea of res judicata as such, does not apply to the present case, for the cause of action exercised here is different from the one in the first suit, we agree with petitioner in that the collateral estoppel by judgment defeats Grieco's claim, because being the indefinite character of the contract for services an essential fact to make the first claim successful, *Rodríguez* v. *District Court*, 65 P.R.R. 576; *P. R. Cap & Tires Sales* v. *District*

*Court*, 68 P.R.R. 370, the court's determination in rendering judgment in favor of Grieco, is conclusive between the parties with regard to the indeterminate character of the contract of services in a subsequent action based on a different cause of action. *People* v. *Ibarra*, 69 P.R.R. 523; *Vidal* v. *Monagas*, 66 P.R.R. 588; *People* v. *Lugo*, 64 P.R.R. 529; *Commissioner* v. *Sunnen*, 333 U. S. 591 (1948), 92 L. Ed. 898; *Cromwell* v. *County of Sac*, 94 U. S. 351 (1877), 24 L. Ed. 195; *United States* v. *Johnson*, 165 F. 2d 42 (C. A. 3, 1947); *Hornstein* v. *Kramer Bros. Freight Lines*, 133 F. 2d 143 (C. A. 3, 1943); *Caterpillar Tractor Co.* v. *International Harvester Co.*, 120 F. 2d 82 (C. A. 3, 1941); *Buromin Co.* v. *National Aluminate Corporation*, 70 F. Supp. 214 (D. C. Del., 1947); *Continental Oil Co.* v. *Jones*, 80 F. Supp. 340 (D. C., W. D., Okla., 1948); Restatement, Judgments, §§ 68–72 (1942); 2 Freeman on Judgments, §§ 676–677 (5th ed. 1925); Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1 (1942).

This being so the lower court erred in not rendering summary judgment for defendant dismissing the complaint.

The orders appealed from will be set aside and a summary judgment shall be rendered for defendant in the main suit.

