**Loyd Joseph GABRIEL, Plaintiff,**

v.

**John A. WELTMER, Defendant.**

**Civ. No. 2285.**

United States District Court
D. Arizona.
April 5, 1967.

Chandler, Tullar, Udall & Richmond, Bob Barber and Dale Haralson, Tucson, Ariz., for plaintiff.

May, Dees & Newell, Tucson, Ariz., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Defendant's motion for leave to file a counterclaim or, in the alternative, to reinstate the counterclaim previously filed in the state court, is denied.

This action was commenced in the Superior Court of Pima County, Arizona, to recover for injuries suffered by Loyd Joseph Gabriel, a minor, in an automobile accident. The accident occurred on April 1, 1962 and the complaint was filed on August 28, 1964. Defendant appeared by answer and counterclaim. The Superior Court dismissed the counterclaim on the ground that it was barred by a two year statute of limitations. Defendant, without success, sought to review

this ruling by special writs in the Court of Appeals and Supreme Court of Arizona.

Thereafter plaintiff moved to enlarge the prayer of the complaint from $7,-850.00 to $54,763.00. The defendant then removed the case to this court on diversity grounds, and now seeks to file the same counterclaim which was dismissed in the state court.

The parties concede that it does not necessarily follow that the state appellate courts' denials of the special writs are an affirmance of the Superior Court's ruling on the merits, and for that reason this court treats the matter as though the rulings were solely that of the superior court.

In diversity cases problems of limitations of action are resolved by reference to state law.[1] The decision of a *nisi prius* state court does not necessarily control a federal court in the interpretation of state law.[2] Where, however, a state *nisi prius* court, while having jurisdiction rules on a particular problem in a given case and that case is later moved to a federal court, the federal court should treat the ruling of the state court as the law of that case at least where, as here, there are not compelling reasons for ruling to the contrary.[3] Judges of coordinate jurisdiction within a jurisdiction, though not bound to, should follow each others' rulings.[4] Where the problem involves federal and state relationships, the obligation of a federal judge to defer to a prior ruling by the state court in the same matter is even greater. Under the circumstances existing here, defendant seeks by the process

of removal to have this court sit in review of the state superior court. For the reasons indicated, the court will not do it.

1. Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941).

2. 1 Moore's Federal Practice, para. 0.308 (2nd ed. 1964).

3. The decisions of the Supreme Court of Arizona have never gone so far as to hold that a counterclaim which is barred at the time the action is filed, and which seeks more than a diminution of plain-

tiff's recovery, may be asserted. Light v. Chandler Improvement Company, 33 Ariz. 101, 261 P. 969, 57 A.L.R. 107 (1928); Tom Reed Gold Mines Co. v. Brady, 55 Ariz. 133, 99 P.2d 97, 127 A.L.R. 905 (1940).

4. Bulldog Electric Products Co. v. Cole Electric Products Co., E.D.N.Y.1944, 59 F.Supp. 587; Dictograph Products Company v. Sonotone Corporation, 2 Cir., 1956, 230 F.2d 131.