## AMERICAN OPTICAL CO. v. NEW JERSEY OPTICAL CO. (UNITED STATES, Intervener).

### Civil Action No. 1583.

District Court, D. Massachusetts.

July 9, 1943.

See, also, 3 F.R.D. 169.

Brooks Potter, John L. Hall, Frederick H. Nash, Mercien Jenckes, and Harrison F. Lyman, all of Boston, Mass., for plaintiff.

Charles B. Rugg and Edward B. Hanify, both of Boston, Mass., and Daniel V. Mahoney and Morris D. Jackson, both of New York City, for defendant.

Samuel S. Isseks and Irving B. Glickfield, Sp. Assts. to Atty. Gen., and Melville C. Williams, Sp. Atty., of New York City, for the Government, intervenor.

HEALEY, District Judge.

This action was commenced in the Municipal Court of the City of Boston to recover unpaid royalties under license and sublicense agreements, copies of which are annexed to the declaration as Exhibits A, B and C. Exhibits A and B are sublicense agreements which recite that the licensor (plaintiff) is the exclusive licensee under certain United States Patents. The agreements grant to the sublicensee a non-exclusive license to make, use and sell the inventions covered by the patents involved. The licensor reserved the right to determine and fix prices, sales plans and terms. Licensee agreed to pay certain royalties. The licensee acknowledged the validity of the patents and agreed not to contest their validity. Exhibit C is a simple license agreement under certain other patents of which the plaintiff is recited to be the owner. There are no price-fixing provisions in Exhibit C.

The defendant removed the case to this Court, and filed an answer alleging, inter alia, the invalidity of the license and sublicense agreements as part of a conspiracy unlawfully to monopolize and restrain trade and commerce among the several states and with foreign countries in the manufacture and sale of optical goods, in violation of Sections 1 and 2 of the Sherman Act, 15 U. S.C.A. §§ 1, 2. Defendant also filed a counterclaim for treble damages.

After the United States Supreme Court had rendered its decision in Sola Electric Company v. Jefferson Electric Company on December 7, 1942, 317 U.S. 173, 63 S. Ct. 172, 87 L.Ed. ——, the defendant filed the motion with which we are now concerned. By this motion, defendant seeks to amend its answer and counterclaim by attacking the validity of the patents themselves, and seeking a declaratory judgment that the patents are invalid.

In Sola Electric Company v. Jefferson Electric Company, supra, the respondent had brought suit in the District Court for the Northern District of Illinois to recover unpaid royalties under an agreement granting petitioner a non-exclusive license to manufacture and sell certain transformers, the patent for which respondent owned. Respondent also sought an injunction restraining further sales except in conformity with the terms of the license agreement. The license agreement contained a price-fixing clause. The petitioner, in its answer, attacked the validity of cer-

808

tain broad claims of the patent. By counterclaim, the petitioner alleged that the broad claims were invalid for want of novelty, and that respondent by reason of the price control provisions of the licensing contract and the invalidity of the broad claims was not entitled to recover royalties upon those transformers covered only by the broad claims. Petitioner accordingly prayed for a declaratory judgment that the broad claims were invalid, and for other relief. The District Court ordered the counterclaim dismissed on the grounds that the petitioner, having accepted a license under the patent, was estopped to deny its validity. The Circuit Court of Appeals affirmed the order of the District Court. 7 Cir., 125 F.2d 322. The Supreme Court of the United States granted certiorari. 316 U.S. 652, 62 S.Ct. 946, 86 L. Ed. 1733. In reversing the decision of the Circuit Court of Appeals, the Court held that a patent licensee is not estopped by virtue of his license agreement to challenge a price-fixing clause in the agreement by showing that the patent is invalid, and that the price restriction is accordingly unlawful because not protected by the patent monopoly.

Plaintiff's counsel has attempted to distinguish the instant case from the Sola case by stating that the Supreme Court, in the Sola case, merely held that a licensee is not estopped to deny the validity of the patent for the purpose of showing that the price-fixing clause is invalid. Plaintiff contends that the Court did not hold that the defendant was not estopped from denying the validity of a patent for the purpose of defending an action for royalties under a license agreement which contains a price-fixing clause. I am of the opinion that the Supreme Court intended no such distinction. The action was brought for the purpose of recovering royalties as well as for the purpose of enforcing the price-fixing clause. A reading of the Court's opinion in the Sola case as a whole indicates that one of the issues involved is whether or not a licensee is estopped from setting up as a defense to a suit for royalties the invalidity of the patents for want of novelty where the license agreement contains a price-fixing clause. This the Supreme Court decided in the negative. An illegal price-fixing clause may so permeate the whole contract as to render the entire agreement violative of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. Consequently, local rules of estoppel "must yield to the Act's declaration that such agreements are unlawful, and to the public policy of the Act which in the public interest precludes the enforcement of such unlawful agreements." [317 U.S. 174, 63 S.Ct. 174, 87 L.Ed. ——.]

The plaintiff points out that in two of the contracts in issue, Exhibits A and B, there are express covenants by the defendant that it will not contest the validity of the patents under which it is licensed. In the Sola case, the claimed estoppel was based on the licensee's implied obligation not to contest the validity of the patent involved. In the instant case, the plaintiff relies also on the express covenant. I believe, as did the United States Circuit Court of Appeals for the Second Circuit in American Cutting Alloys, Inc., v. General Electric Company, 135 F.2d 502, 505, decided May 3, 1943, that "if this difference has any significance, it should militate against rather than in favor of estoppel."

Plaintiff's next point is that, since one of the contracts, Exhibit C, has no price-fixing clause, the validity of the patents there involved may not be attacked. However, defendant by its proposed amended answer alleges that on devices made under the contract, Exhibit C, defendant is required to pay the royalties and to observe the price-fixing and other restrictive terms of Exhibit A. In other words, according to defendant's proposed allegation, devices manufactured under Exhibit C are dominated by patents of Exhibit A, and are therefore subject to the restrictions of Exhibit A. Under those circumstances, since the price-fixing provisions of Exhibit A permeate, according to the proposed amended answer, Exhibit C, I am of the opinion that the validity of the patents under which defendant was licensed by Exhibit C may be attacked under the principles of the Sola case.

Plaintiff's last contention is that the petition for declaratory judgment must fail for two reasons. One of the reasons advanced is that the jurisdiction exercised by this Court on removal from the State Court is a derivative jurisdiction, and in this removed case the Court has no more jurisdiction of a counterclaim seeking a declaratory judgment that the patents are invalid than the Municipal Court of the City of Boston, in which the action was commenced, would have had. It is clear, of course, that the Municipal Court of the City of Boston would not have been able to entertain a counterclaim seeking a de-

claratory judgment that the patents were invalid. However, in view of Freeman v. Bee Machine Company, Inc., 63 S.Ct. 1146, 87 L.Ed. ——, decided by the United States Supreme Court on June 1, 1943, plaintiff's point is not well taken.

In that case, respondent brought an action at law against the petitioner in the Massachusetts Superior Court. Petitioner removed the case to the Federal District Court for the District of Massachusetts, and filed an answer and counterclaim. Respondent then moved to amend its declaration by adding a complaint for treble damages under Section 4 of the Clayton Act, 15 U.S.C.A. § 15. The District Court denied respondent's motion to amend, 42 F. Supp. 938, being of the view that it had no jurisdiction to allow the amendment. The Circuit Court of Appeals disagreed with the view of the District Court on the motion to amend. 1 Cir., 131 F.2d 190. On certiorari, the Supreme Court held that the District Court has the power to allow such an amendment, saying [63 S.Ct. 1148, 87 L. Ed. ——]: "If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment." It would seem that this Court may allow such an amendment to an answer as well as to a declaration.

The other reason advanced by plaintiff in support of its contention that the petition for declaratory judgment must fail is that no suit for declaratory judgment alleging invalidity of patents can proceed in the absence of the patent owners.

■ It appears that the patents involved in Exhibit A and Exhibit B are owned by companies not parties to these proceedings. The plaintiff, therefore, contends that the amendment to the counterclaim in the nature of a prayer for a declaratory judgment cannot be allowed. With this I cannot agree. The plaintiff not only represents that it may sue to recover royalties under sublicense agreements involving the patents but has actually instituted such a suit. The plaintiff, under the terms of its agreements with the owners of the patents, may bring suit in its own name or that of the owners of the patents. Obviously, if a suit for infringement were brought in the name of the plaintiff alone, the alleged infringer would be able to attack the validity of the patents. I can see no reason why a different rule should apply to an action to recover royalties. Of course, both the plaintiff and defendant are interested parties. See Borchard on Declaratory Judgments, p. 820. There is a "case or controversy." See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A. L.R. 1000. Contracting Division, A. C. Horn Corp. v. New York Life Insurance Co., 2 Cir., 113 F.2d 864, relied on by the plaintiff, is clearly distinguishable. There, the plaintiff mistakenly brought a suit for infringement believing that it was the patent owner. Defendant then sought, by counterclaim, a declaratory judgment that the patents were invalid. The plaintiff, discovering that it was not the owner, but was only a licensee, moved to dismiss the complaint and the counterclaim. The Court there held that no "actual controversy" was presented, since the plaintiff was a "bare" licensee. In the instant case, the plaintiff is not a "bare" licensee, but is an exclusive licensee with power to bring suit in his own name or in the name of the patent owner. There clearly is an "actual controversy" in the present case. See, also, Alfred Hofmann, Inc., v. Knitting Machines Corporation, 3 Cir., 123 F.2d 458.

It follows, therefore, that this Court has the power to allow the pending motion.

■ The only remaining question is whether or not this Court should exercise that power, and allow the amendment. At the time that the defendant filed its original answer, it was generally assumed that a licensee could not, under the circumstances here involved, attack the validity of the patent under which it was licensed. However, since the defendant filed its original answer, the United States Supreme Court decided the Sola case, establishing such right in such a licensee. The defendant could not reasonably be expected to anticipate the holding in the Sola case, and consequently was justified in failing to attack the validity of the patents in its original answer. For that reason, I believe that the defendant should be allowed to amend its answer.

The defendant's motion to amend its answer is to be allowed.