## SUTHERLAND PAPER CO. v. GRANT PAPER BOX CO. et al.

### Civ. A. No. 6013.

District Court, W. D. Pennsylvania.

June 24, 1947.

See, also, 7 F.R.D. 358.

Rose, Eichenauer, Stewart & Lewis and T. W. Pomeroy, Jr., all of Pittsburgh, Pa., for plaintiff.

Christy, Parmclee & Strickland, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

By the plaintiff's action a declaratory judgment is sought by which defendant's Patent No. 2,031,036 is held to be invalid or not infringed by plaintiff.

The defendant, Grant Paper Box Company, has filed two motions, one under Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for judgment on the pleadings on the ground that the complaint fails to state a claim upon which relief can be granted, and the other under Rule 42(b) for a separate trial upon issues set forth in paragraph 13 of defendant's answer to plaintiff's bill and certain paragraphs of its counterclaim.

As to the motion first mentioned, the requirements of the Federal Rules for Civil Procedure are by no means rigid in respect to the allegations in a complaint. While defendant criticizes the complaint, it relies more upon subject matter set forth in the answer and counterclaim. Such matter does not properly attack the complaint as such. From the standpoint of form it seems to be quite sufficient as a pleading under the Rules.

The second motion in effect alleges that the plaintiff was a licensee under defend-

ant's patent, and also was bound by its verbal contract with defendant by which the latter, at plaintiff's request, brought an action in the First Circuit against the Russell Box Company for infringement of the Patent No. 2,031,036, in which the patent was held to be valid and infringed. Under these circumstances defendant asserts that plaintiff is estopped from proceeding in the instant action, and asks that this matter of estoppel be tried apart from the issues of validity and infringement.

██ Such action would seem desirable if it were not for the pleading that the price-fixing provision of the license and agreement is in violation of the Anti-Trust laws of the United States. With such an allegation in the answer to the counterclaim the plaintiff cannot be precluded from testing the validity of the patents. See Sola Electric Co. v. Jefferson Electric Co. 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165; Katsinger Co. v. Chicago Mfg. Co., 329 U.S. 394, 67 S.Ct. 416, 424; MacGregor v. Westinghouse Electric & Manufacturing Co., 329 U.S. 402, 67 S.Ct. 421, 424.

Both of the motions mentioned supra must be denied.

See, also, 7 F.R.D. 357.

Rose, Eichenauer, Stewart & Lewis and T. W. Pomeroy, Jr., all of Pittsburgh, Pa., for plaintiff.

Christy, Parmelee & Strickland, of Pittsburgh, Pa., for defendants.