UNITED STATES v. LIPMAN et al.
No. 10683.

United States District Court,
E. D. Pennsylvania.

May 25, 1954.

As Amended Sept. 13, 1954.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

Joseph E. Gold, Philadelphia, Pa., for Lipman.

Stanley Jakubowsky, Philadelphia, Pa., for Spilberg.

GRIM, District Judge.

Shortly before June 17, 1949, defendants, among others, received an Invitation for Bids issued by the United States Government through the War Assets Administration for the furnishing of the labor and equipment required in connection with the moving of certain property of the War Assets Administration. The invitation stated that the bids would be opened on June 24, 1949. In compliance with the invitation the defendants submitted a bid on June 17, 1949, to do the work for $12,810. The bids were opened on June 24, 1949. There were six bids ranging from defendants' low bid of $12,810 to the highest bid of $36,190. The bid next lowest to defendants' was in the sum of $17,900.

In calculating their bid defendants had talked to a government employee

who assured them that the cranes and other heavy equipment needed for the moving job would be furnished by the government at a nominal rental of $1 per day. When defendants discovered that their bid was considerably lower than any other bid they again investigated the matter of the cost of renting the heavy machinery required to do the job, and upon consultation with their legal counsel learned that under the terms of the Invitation to Bid they were in error in believing that they could rent from the government at a nominal price heavy moving machinery to do the job. Having learned this they realized that the work would cost them much more than they had calculated, and on June 27, 1949, they delivered to the War Assets Administration a letter stating that they had made an error of between $4,000 to $5,000 in their bid and requesting that their bid be withdrawn. At this time no bid had been accepted. On June 28, 1949, however, despite defendants' attempt to withdraw the War Assets Administration sent to defendants a written purported acceptance of their bid. Defendants refused to perform. They have been sued in this action by the government for the sum in excess of defendants' bid which the government was compelled to pay to have the work done. The case has been tried before me without a jury.

■■ A bid is merely an offer and it is clear under the ordinary common law of contracts that an offer not under seal nor for a consideration may be withdrawn at any time before it is accepted. Restatement, Contracts, Sec. 34. In Williston on Contracts, Vol. 1, Sec. 55, it is said:

" * * * Even though a definite time in which acceptance may be made, is named in such an offer, the offeror may, nevertheless, revoke his offer in that period. Nor is it material that the offer expressly states that it shall not be withdrawn; revocation is still possible."

The government does not dispute these elementary principles in the ordinary common law of contracts. However, it argues that these principles do not apply to the present case, contending (1) that this case is governed by federal common law which differs from the ordinary common law in reference to this situation and (2) that it is governed by a federal regulation which prevented the withdrawal of the bid. It contends that both under the federal common law and under the federal regulations it is entitled to judgment in its favor.

The federal common law[1] on this subject has been developed largely in the Court of Claims. In Scott v. United States, 1909, 44 Ct.Cl. 524 the low bidder attempted to withdraw his bid after the bids had been opened, but before any bids had been accepted, and gave as his reason an error in · the telegraphic transmission of the bid. The government refused to permit him to withdraw. He then sued in the Court of Claims for the return of the deposit which he had made along with his bid. The Court entered judgment in favor of the government, saying 44 Ct.Cl. at page 527:

"The agents of the Government stand upon a different footing from private individuals in the matter of advertising for the letting of contracts in behalf of the United States. They have no discretion. They must accept the lowest or the highest responsible bid, or reject all and readvertise. Private individuals are not required thus to act. Hence it is apparent that government agents should be allowed a reasonable time after the opening

[1]. This appears to be a field in which there is federal common law as distinguished from state common law. Compare Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 with Sola Electric Co. v. Jefferson Co., 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. 165.

of bids before they are allowed to be withdrawn, so they can be afforded opportunities to ascertain whether collusion or fraud had been perpetrated against the United States by the parties engaged in the bidding. It is also apparent that if the rule of allowing immediate withdrawals after the results of the bidding are made known, frauds innumerable could be perpetrated against the United States, and thus justice would be greatly hampered * * *"

The Court, however, pointed out that the government had given the plaintiff an opportunity to prove his assertion that the mistake in his bid was due to an error in the telegraphic transmission and that the plaintiff had failed to prove this. It thereby intimated that perhaps the result would have been different if the plaintiff had proved his assertion that the error in the bid was due to an honest mistake.

In Alta Electric & Mechanical Co. v. United States, 1940, 90 Ct.Cl. 466 a bidder attempted to withdraw his bid after the bids had been opened but before any bid had been accepted. When the bids were opened the lowest bidder discovered that his bid was $5,750 lower than the next lowest bid. He then rechecked his bid and discovered that he had misunderstood a quotation from a prospective subcontractor and that the cost of the work to be done by the prospective subcontractor was much higher than he had calculated it to be. It was this information which caused him to attempt to withdraw his bid. The Court had no

doubt about the honesty of the plaintiff's mistake and because of this it entered judgment in favor of the plaintiff permitting him to recover the deposit he had made with his bid.

■■ The federal common law rule, therefore, would appear to be this: Because of the possibility of fraud among bidders the ordinary common law rule that an offer can be withdrawn at any time before it has been accepted does not apply to bids to the United States government,² but instead the rule is that after the bids have been opened a bidder cannot withdraw his bid, unless he can prove that the desire to withdraw is due solely to an honest mistake and that no fraud is involved.

■ In the Invitation for Bids reference was made to a federal regulation known as U. S. Standard Form 22 (Instructions to Bidders) and thus this regulation was incorporated by reference into the Invitation for Bids. The government contends that it is entitled to judgment in its favor because of this regulation. The regulation is: (49 C.F.R.Sec. 4.12 (1949 ed.))

"Withdrawal of bids

"Bids may be withdrawn on written or telegraphic request received from bidders prior to the time fixed for opening. Negligence on the part of the bidder in preparing the bid confers no right for the withdrawal of the bid after it has been opened."

■ Indirectly this regulation suggests that bids may not be withdrawn after the time fixed for opening them,

2. In cases involving bids to state and municipal governments the prevailing view seems to be that, in the absence of express statutory provision to the contrary, a bid may be withdrawn before acceptance if proper notice of withdrawal is given. See 10 McQuillen, Municipal Corporations, Sec. 29.67 (3rd Ed.); Rushlight Automatic Sprinkler Co. v. Portland, 189 Or. 194, 219 P.2d 732. On the other hand, by virtue of express

statutory provision, it is held in some states that a bidder has no right to withdraw his bid even before the bids are opened. 10 McQuillen, op. cit. supra; City of Baltimore v. J. L. Robinson Const. Co., 123 Md. 660, 91 A. 682, L. R.A.1915A, 225, distinguishing Moffett Hodgkins & Clarke Co. v. Rochester, 178 U.S. 373, 20 S.Ct. 957, 44 L.Ed. 1108.

but in my opinion its meaning is not clear enough to change the federal common law that a bid to the federal government may be withdrawn at any time before it is accepted if it can be shown that the amount of the bid resulted from an honest mistake.

■ There is no federal statute and no other federal regulation which governs the present case. It should be pointed out, however, that there is a federal regulation which has been written clearly and which leaves no doubt as to its meaning, but which does not apply to the present case. It is the Armed Forces Procurement Regulation (32 C.F.R. Sec. 401.303, 1951 ed.) which provides:

"Bids may be modified or withdrawn, at any time prior to the time fixed for opening thereof, by written or telegraphic notice received prior to the time fixed for opening. After the opening of bids no bid may be modified * * * or withdrawn, etc. * * *"

■ I am satisfied that under the facts which have been stipulated in the present case defendants' substantial underbid was the result of an honest mistake. No federal statute or regulation prevented them from withdrawing their bid. Under both the ordinary common law and the federal common law they had the right to withdraw it. The withdrawal, therefore, should have been permitted.

The statements of fact and law in the foregoing opinion will constitute the Court's findings of fact and conclusions of law in the case.

And now, May 25, 1954, it is directed that judgment be entered in favor of the defendants, Samuel F. Lipman and Myles Spilberg, individually and as copartners, now or late trading as North Contracting Company, and against the plaintiff, United States of America.