[Civ. No. 28107. First Dist., Div. Three. Nov. 2, 1971.]

RICHARD COBOS, a Minor, etc., et al., Plaintiffs and Appellants, v. MELLO-DY RANCH, Defendant and Respondent.

## COUNSEL

James T. Popin, Randlett W. Schubach, Don B. Kates, Jr., Brian Poddock, and Diane V. Delevett, Peter D. Cappelman, Martin R. Glick, Sheldon L. Greene and Steven M. Fleisher for Plaintiffs and Appellants.

Bachan, Skillicorn & Marinovich, Bronson, Bronson & McKinnon, Frederick A. Morgan, Edwin L. Currey, Jr., and Charles F. Wilkinson for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Plaintiff Cobos brings this class action individually and on behalf of all American citizen farm workers who are similarly situated. He alleges that on October 13, 1969 he applied to defendants for employment, but was refused "on the sole ground that [defendants] had sufficient workers," but that on that day and thereafter defendants' employees included a substantial percentage of "wetbacks." He seeks injunction prohibiting defendants' employment as a farm worker of "any non-citizen not legally entitled to employment in the United States," and requiring defendants to procure from all its farm employees, before employment, "specific identification as to their legal rights to seek employment in the United States."

The complaint also seeks money damages, in two categories: (a) for himself individually, "the minimum amount of $20.00 per day from the

date of defendants' denial of employment to a time presently unascertainable," and (b) for "the class of farm worker plaintiffs . . . the aggregate amount of the total number of hours of employment of wetbacks from June 1968, to the present, multipled by the prevailing wage in comparable work among employers not hiring wetbacks." Defendants' demurrer to the complaint was sustained without leave to amend, and plaintiffs appeal from the ensuing judgment of dismissal.

■ Insofar as the complaint seeks injunctive relief, the judgment must be affirmed upon the authority of a decision rendered after judgment in the present case (*Diaz* v. *Kay-Dix Ranch*, 9 Cal.App.3d 588 [88 Cal. Rptr. 443]). Plaintiffs meet the citation solely by an attack upon the merits of that opinion. Wholly aside from our agreement with that decision and its result, we deem reconsideration of its merits by us to be foreclosed by the Supreme Court's denial of hearing in *Diaz*.

In attacking *Diaz*, plaintiff-appellant does not distinguish between his claim for injunctive relief and that for damages, save to argue that the latter remedy is inadequate. Although the vehemence with which the remedy in damages is decried might be inferred to indicate disinterest in this remedy, we feel compelled to determine the availability of the common law remedy in damages as distinguished from the equitable remedy of injunction. In *Diaz* the only relief sought was injunction. The opinion turned largely upon a balancing of convenience, a doctrine of equity. Thus, neither on its face nor on its facts does *Diaz* fully determine the sufficiency of that portion of plaintiff's complaint which seeks damages for himself and for all others of his class.

■ At base, plaintiff's claim for damages, like that for injunctive relief both here and in *Diaz*, turns upon the alleged violation by defendants of federal statutes prohibiting the harboring or concealment of aliens barred from admission to the United States by federal immigration statutes (see 8 U.S.C. § 1324). No comparable California statute is cited, and we find none.

The federal Immigration and Nationality Act of 1952 as amended (8 U.S.C. § 1101 et seq.) establishes comprehensive controls over the admission of foreign workers as immigrants. One section of that statute (8 U.S.C. § 1324) prohibits the harboring or concealment of aliens illegally in this country. Nowhere, however, does the act provide for a private remedy for its violation. Absent some express authorization of private remedy, the remedy may nonetheless be implied and its form may be fashioned by the federal courts.

■ "When a federal statute condemns an act as unlawful, the extent

and nature of the legal consequences of the condemnation, though left by the statute to judicial determination, are nevertheless federal questions, . . ." (*Sola Electric Co.* v. *Jefferson Co.,* 317 U.S. 173, 176 [87 L.Ed. 165, 168, 63 S.Ct. 172].) ■ "It is for the federal courts to 'adjust their remedies so as to grant the necessary relief' where federally secured rights are invaded." (*J. I. Case Co.* v. *Borak,* 377 U.S. 426, 433 [12 L.Ed.2d 423, 428, 84 S.Ct. 1555]). We recognize that the Immigration and Nationality Act sets up no comprehensive administrative agency comparable to the National Labor Relations Board in its prescribed field. ■ Thus, arguably, the case before us does not raise as clear a case of preemption as that which bars state courts from intruding upon the labor relations field either by injunction or award of damages (see *San Diego Unions* v. *Garman,* 359 U.S. 236, 246-247 [3 L.Ed.2d 775, 783-784, 79 S.Ct. 773]). ■ However, "[o]ne of the most important and delicate of all international relationships . . . has to do with the protection of the just rights of a country's own nationals when those nationals are in another country" (*Hines* v. *Davidowitz,* 312 U.S. 52, 64 [85 L.Ed. 581, 585, 61 S.Ct. 399]). Comprehensive legislation by the Congress upon this subject may well be designed to preempt the field and to bar state action (*id.* p. 74 [85 L.Ed. at p. 591]). Whether the Immigration and Nationality Act has this breadth and effect is, of course, a federal question.

■ Plaintiff-appellant has failed to cite a federal decision either granting or fashioning a private remedy for violation of this act, nor do we find any federal determination that the act leaves any room for state action.

All the problems of enforcement by injunction, so well pointed out in *Diaz,* exist at least in equal degree in the area of enforcement of the federal act by state court intervention through awarding of damages, both compensatory and punitive, on the rather vague bases advanced by appellant. The judiciary is not the only branch of government to which recourse can be had and, in the delicate field of foreign relations here involved, it may well be the least qualified to act. We note an element of irony in the insistence of many counsel for the under-privileged that new, extensive and time-consuming remedies must be originated by the courts in total disregard of the other two branches of government, while at the same time many such advocates bemoan the "court congestion" which assertedly causes delay in disposition of the claims and defenses of the poor in the myriad matters of interest to the same class of persons in the normal and traditional judicial fields.

■ For all the reasons given above, we conclude that the courts of but one of a number of states bordering upon Mexico should not undertake

to establish for that state a new and time-consuming remedy for injury resulting from the asserted inaction of other branches of government in the essentially federal field of treatment of foreign nationals within the United States.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.