**LANIER BUSINESS PRODUCTS, a Division of Oxford Industries, Inc.**

v.

**GRAYMAR COMPANY et al.**

Civ. No. 71–175–Y.

United States District Court,
D. Maryland.

May 16, 1972.

complete payment for the purchase price of certain goods and services consisting of dictating equipment, accessories, repair parts and services, totaling $37,172.58.[1] Jurisdiction is founded upon diversity of citizenship,[2] the amount in controversy exceeding $10,000. Defendants Graymar, Miller, Foster and Jones interposed counterclaims against plaintiff in the amount of $8,077.23[3] and for antitrust violations under Sections 1 and 2 of the Sherman Anti-trust Act[4] and Section 7 of the Clayton Act.[5] In addition to their counterclaims, defendants seek to join as counterclaim plaintiffs Houston Dictating Machine Co. (Houston) of Texas and Telephone Electronics Co., Inc. (Teleco) of Oklahoma pursuant to Rules 13(h) and 20(a), F.R.C.P.

This Court limits its present consideration to plaintiff's motions (1) to strike captions from defendant's answer and counterclaims; (2) to strike counterclaims of and references to Houston and Teleco; and (3) for summary judgment on its claim for payment for goods and services sold and delivered to defendants, Graymar, Miller, Foster and Jones. Defendants' counterclaims, particularly its antitrust claims, will be discussed only as they relate to plaintiff's motions.

Benjamin R. Civiletti, Norwood B. Orrick, Alan M. Wilner, Baltimore, Md., for plaintiff.

George Cochran Doub, Baltimore, Md., Howard W. Fogt, Jr., Hollabaugh & Jacobs, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff sued defendants, Graymar, Miller, Foster and Jones for failure to

I. Plaintiff's Motion to Strike Captions.

Plaintiff, pursuant to Rule 12 (f), F.R.C.P., seeks to strike from defendants' "Answer and Counterclaims" certain captions or headings contained therein, claiming they are "redundant, immaterial and impertinent." Plaintiff's primary contention is, in that re-

1. This amount has been reduced by plaintiff from an original request of $38,472.70.

2. Plaintiff is incorporated under the laws of Georgia with its principal place of business in Atlanta, Georgia. Graymar is a partnership organized under the laws of Maryland and doing business in Maryland. Individual defendants, Miller, Foster, and Jones are citizens of Maryland.

3. Graymar claims this sum is due it by Gray Manufacturing Company, a corporation recently acquired by plaintiff. Though plaintiff did not agree to assume all of Gray's liability, plaintiff has agreed to deduct from the amount owed it by defendant the sum owed by Gray to defendants.

4. 15 U.S.C. §§ 1 and 2.

5. 15 U.S.C. § 18.

gard, that defendants' use of captions unduly emphasizes portions of the pleadings to the jury [6] thereby prejudicing plaintiff's position.

This Court sees no material prejudice to plaintiff by allowing the captions to remain in defendants' pleading. Moreover, the use of headings can aid the trier of fact in delineating and understanding the complex issues involved in the present case.

Plaintiff's motion is denied without prejudice to renew it should the case be submitted to a jury.

II. Plaintiff's Motion to Strike Counterclaims of, and References to, Houston and Teleco.

■ Defendants, Graymar, Miller, Foster and Jones joined with counterclaimants Houston and Teleco in their antitrust counterclaims against plaintiff pursuant to Rules 13(h), 20(a) and 18(a), F.R.C.P. Plaintiff, under Rule 12(f), moves this Court to strike the counterclaims of, and references to, Houston and Teleco because they were not parties to the original suit and thus have no standing to assert such counterclaims and because their antitrust claims bear no relation to the plaintiff's original claim.

For reasons to follow, plaintiff's motion is denied.

Rule 13(h) as amended in 1966 provides as follows:

*Joinder of Additional Parties.* Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.[7]

The Rule was amended to allow greater discretion to a trial judge in the determination of whether a party may be added. As stated in Wright and Miller,

Federal Practice and Procedure: Civil § 1434:

Rule 13(h) should be applied to further the general objectives of Rule 13. Therefore, courts typically have construed subdivision (h) liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy. Stated in general terms, the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties. (Footnotes omitted.)

Minimal requirements under a Rule 13(h) joinder are that a counterclaim either be before the court, or, as in the present case, be asserted "at the same time the addition of a nonparty is sought." *Id.* at § 1435.

The requirements for permissive joinder as set out in Rule 20(a) are twofold: (1) the rights asserted, whether joint, several or in the alternative, must arise out of the same transactions or occurrences; and (2) there must be a common question of law or fact relating to all parties that will arise in the action.

■ This Court has carefully examined the claims made by the counterclaim plaintiffs and finds that the requirements of Rule 20(a) are satisfied. The rights asserted by Graymar, Houston and Teleco under the Sherman Act and the Clayton Act arise out of the same series of transactions or occurrences. For example, all counterclaimants complain of plaintiff's practice of acquiring competing dictation systems manufacturers. Similarly, all counterclaimants make allegations that they have been affected by plaintiff's competition with them in their respective local markets and termination of its distributorship agreements with them. In addition, there are common questions of law

6. Defendants have requested a jury trial in this case.

7. Since this Court finds that Houston and Teleco meet the permissive joinder re-

quirements of Rule 20, there is no need to determine whether they would meet joinder requirements of Rule 19, since the two rules provide alternative means of adding parties to a suit.

or fact relating to all parties that will arise in this case, such as the definition of relevant product and geographic markets; plaintiff's use of its alleged monopoly power in those markets; and plaintiff's alleged activities to restrain trade and substantially decrease competition in those markets.

 Plaintiff contends that the proper procedure to add nonparties to an action is through Rule 24(b), providing for permissive intervention, and that Rule 20(a) is directed to joinder by a plaintiff of parties plaintiff and defendant. This Court finds no merit in these contentions. Rule 24(b) provides an alternative method to Rule 20(a) of adding nonparties. It is certainly not the exclusive means. Moreover, Rule 20(a) makes clear that a defendant pleading a counterclaim or cross-claim may join additional persons if he satisfies the Rule's two requirements for joinder. As stated in 3A Moore's Federal Practice 2799,

. . . [f]or the purpose of determining who may be joined, the defendant pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants, as the case may be, and Rule 20 applied in the usual manner.

 Plaintiff's motion to strike the counterclaims of Houston and Teleco is likewise without merit. Rule 18(a) provides as follows:

*Joinder of Claims.* A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party.

This Rule expresses a philosophy, adopted by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), of great liberality "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* at 724, 86 S.Ct. at 1138. A party should be able to join all the claims he has against his opponent as a matter of course to avoid multiplicity of litigation and possible claims of *res judicata* at a later date.

III. Plaintiff's Motion for Summary Judgment.

Plaintiff has moved for summary judgment on its claim for payment for dictating equipment, accessories and repair parts sold and delivered and services rendered to defendants, Graymar, Miller, Foster and Jones. Plaintiff's original claim was for $38,472.70 plus interest. This amount was reduced to $37,380.37 in plaintiff's present motion and was further reduced to $37,172.58 at the hearing on this motion.

Plaintiff contends there is no dispute as to the fact that defendants have purchased, and received, the goods and services in question from plaintiff and owe a balance of $37,172.58, entitling it to judgment as a matter of law. Defendants' primary contention is that plaintiff's alleged antitrust violations are so intertwined with the claim for the purchase price of goods and services as to render plaintiff's agreement with defendant unenforceable.[8]

 This Court finds that plaintiff's contract with defendants constituted "an intelligible economic transaction in itself" apart from the antitrust violations charged and that plaintiff's claim is both enforceable and meritorious, justifying summary judgment for the plaintiff. Kelly v. Kosuga, 358 U.S. 516, 79

---

8. *Defendants' assertion that there are genuine issues of fact as to the amount of liability has been mooted as a result of a hearing on plaintiff's motion, at which time the parties agreed to a figure of $37,172.58. Also, plaintiff agreed at the hearing that if defendants are able to prove that Gray Manufacturing Company, a recent acquisition by plaintiff, owes defendants $8,077.23—the basis of defendants' contract counterclaim against plaintiff—then it would assume that obligation and deduct the sum from defendants' liability to it.*

S.Ct. 429, 3 L.Ed.2d 475 (1959); Columbia Nitrogen Corporation v. Royster, 451 F.2d 3 (4th Cir. 1971).

 Even though plaintiff's contract claim is a diversity action in which state laws control as to the rights and duties of sellers and buyers, defendants' claim of illegality of the contract is essentially based on federal statutes, the Sherman and Clayton Acts. Therefore, the determination of whether the contract is unenforceable due to plaintiff's alleged antitrust violations is one of federal rather than state law. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165 (1942); Columbia Nitrogen Corporation v. Royster, *supra.*

 Assuming, without deciding, that plaintiff's conduct violated Sections 1 and 2 of the Sherman Act and Section 7 of the Clayton Act, it does not follow that these violations constitute a defense to an action based on contract. The Supreme Court in Kelly v. Kosuga, *supra,* and the Fourth Circuit in *Royster* have both affirmed the principle that express antitrust remedies should not be "added to judicially by including the avoidance of private contracts as a sanction." The Supreme Court in *Kelly* noted a narrow exception to this rule in cases where "the judgment of the Court would itself be enforcing the precise conduct made unlawful by the [Sherman] Act,"[9] 358 U.S. at 520, 79 S.Ct. at 432, an exception not applicable to the facts under consideration. The rule enunciated in *Kelly* and adopted in *Royster* provides that:

> . . . [W]here, as here, a lawful sale for a fair consideration constitutes an intelligible economic transaction in itself, we do not think it inappropriate or violative of the intent of the parties to give it effect even though it furnished the occasion for a restrictive agreement of the sort here

in question. 358 U.S. at 521, 79 S.Ct. at 432.

Plaintiff and defendants have expressed a willingness to have the amount owed by defendants paid into the registry of this Court pursuant to Rule 67 of the Federal Rules of Civil Procedure pending the outcome of this litigation. This Court approves this procedure.

---

9. As authority for this exception to the general rule the Court cited Continental Wall Paper Co. v. Louis Voight & Sons Co., 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486, in which the Court refused to enforce excessive and unreasonable contract prices, reasoning that to do so would make the Court a party to carrying out conduct forbidden by the Sherman Act. This narrow exception is not involved in the instant case.