**Joseph GORMAN, Plaintiff,**

v.

**MERRILL, LYNCH, PIERCE, FENNER AND SMITH, INC., a foreign corporation, Defendant.**

**No. 84–1299–CIV–NESBITT.**

United States District Court, S.D. Florida, S.D.

April 1, 1985.

Karen A. Gievers, Anderson, Moss, Russo, Gievers, & Cohen, P.A., Miami, Fla., for plaintiff.

Bennett Falk, Keith Olin, Ruden, Barnett, McClosky, Schuster & Russel, P.A., Miami, Fla., for defendant.

## ORDER

NESBITT, District Judge.

THIS CAUSE came before the Court upon several motions of the parties. Plaintiff filed a four count amended complaint charging federal and state securities violations of laws arising out of the purchase and sale of securities through the Defendant brokerage company.

Count I seeks relief under Section 10b of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10B–5, 17 C.F.R. § 240 10B–5 (1983). Count II charges Defendant with violating Chapter 517.301, Florida Statutes. Count III alleges common law fraud, and Count IV alleges a violation under the Florida civil theft statute, Chapter 812, Florida Statutes.

The Defendant has moved to dismiss the cause or in the alternative to compel arbitration of Plaintiff's claims. Both parties presented legal memoranda in support of and in opposition to dismissal of the complaint, severing the state law claims from the non-arbitrable federal securities law claim, and compelling arbitration of the state law claims. The Defendant, relying on *Brown v. Dean Witter Reynolds, Inc.*, 601 F.Supp. 641 (S.D.Fla.1985) and *Viscomi v. Paine, Webber, Jackson, Curtis, Inc.*, 596 F.Supp. 1537 (S.D.Fla.1984), in support of their position, moves the Court to sever the state law claims, refer them to arbitration and stay the arbitration proceedings pending a trial on the federal securities law claims. On the other hand, Plaintiff suggests the Court follow the intertwining doctrine adopted by the Eleventh Circuit in *Belke v. Merrill, Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023 (11th Cir.1982). That case, and others from the Eleventh and

Fifth Circuits, held that when arbitrable and nonarbitrable claims arise out of the same transaction and are sufficiently intertwined factually and legally, a district court may deny severance of the state-arbitrable claims and try all the claims together. In a recent unanimous decision, the United States Supreme Court held that a district court must compel arbitration of pendent state arbitrable claims when one of the parties files a motion to compel and that a stay of arbitration proceedings is not necessary to protect the federal interest in the resolution of securities claims. *Dean Witter Reynolds, Inc. v. Byrd,* — U.S. —, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Court said:

> We believe that the preclusive effect of arbitration proceedings is significantly less well settled than the lower court opinions might suggest, and that the consequence of this misconception has been the formulation of unnecessarily contorted procedures. We conclude that neither a stay of proceedings, nor joined proceedings, is necessary to protect the federal interest in the federal-court proceeding, and that the formulation of collateral-estoppel rules affords adequate protection to that interest.

Accordingly, it is

 ORDERED AND ADJUDGED upon authority of *Dean Witter Reynolds v. Byrd, supra,* that the motion of the Defendant to sever the state claims and compel arbitration of Counts II, III and IV be and the same is hereby GRANTED. In compelling arbitration of Count II (Section 517.301 of the Florida Securities Act), the Court declines to follow *Oppenheimer & Co. v. Young,* 456 So.2d 1175 (Fla.1984) and follows the reasoning of Judge Gonzalez in *Brown v. Dean Witter Reynolds, Inc.,* 601 F.Supp. 641 (S.D.Fla.1985). Federal courts need not adhere to state court decisions on matters of federal law. *Sola Electric Co. v. Jefferson Electric Co.,* 317 U.S. 173, 176, 63 S.Ct. 172, 174, 87 L.Ed. 165 (1942); *Standard Oil Co. v. Johnson,* 316 U.S. 481, 483, 62 S.Ct. 1168, 1169, 86 L.Ed. 1611 (1942). It is further

ORDERED AND ADJUDGED that the Defendant's Motion to Stay Arbitration Pending Trial of the Federal Securities Law Claim alleged in Count I is DENIED. It is further

ORDERED AND ADJUDGED that Motion to Dismiss Count I of the First Amended Complaint be and the same is hereby DENIED as sufficient facts are alleged to state a cause of action under Section 10(b) of the Securities and Exchange Act of 1934. Defendant shall answer Count I of the First Amended Complaint within twenty (20) days from date of entry of this Order.