**TRUSTEES OF the LABORERS LOCAL UNION #800 HEALTH AND WELFARE TRUST FUND, and Ann Sizemore as Administrator for the Laborers National Pension Fund, Plaintiffs-Appellants,**

v.

**The PUMP HOUSE, INC., Defendant-Appellee.**

No. 86–5395.

United States Court of Appeals, Eleventh Circuit.

July 14, 1987.

Howard Susskind, Sugarman & Susskind, P.A., Miami, Fla., for plaintiffs-appellants.

Gary Brookmyer, Broad & Cassel, Miami, Fla., for defendant-appellee.

Before RONEY, Chief Judge, VANCE, Circuit Judge, and PITTMAN *, Senior District Judge.

PER CURIAM:

In July, 1982, The Pump House, Inc. began work as a subcontractor of M.R. Harrison Construction Company, installing a sprinkler system in the Sun Bank Operations Center in Dade County, Florida. On July 31, 1982, Willie Platt, business agent for the Laborers Local Union 800, approached Jose Garcia, owner of The Pump House, Inc., for the purpose of having his business sign a collective bargaining agreement with the union.

Negotiations were had between Platt and Garcia, and on August 2, 1982, Garcia signed the collective bargaining agreement and Platt countersigned on behalf of the union.

The written agreement required signatory employees to make contributions to various employee benefit funds at specified rates on behalf of all employees. Article XVI(2) delegated authority to the industry employer association to appoint employer trustees to administer these funds, jointly with the union trustees. With respect to these employer trustees, the agreement provided that by signing the agreement, each employee ratifies all acts taken by the trustees and consents to comply with all of its terms. Finally, the agreement provided for civil enforcement by the trustees, both union and employer trustees, of the employer's obligation to contribute to the Fund. It also specifically authorized the trustees to audit the employer's books and records to determine if full payment had been made.

After execution of this agreement, only three of five Pump House laborers working at the Sun Bank job joined the union. The Pump House submitted weekly reports for those three workers but only with regard to this particular work site. After the job was completed, the Pump House submitted no further reports.

Two years later, the Board of Trustees obtained an audit of the Pump House records and books. The audit, which included all Pump House employees regardless of the task they performed, found a delinquency of nearly $15,000.00, in contributions to the Health and Welfare Trust Fund.

The trustees then brought this action under Section 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145, to collect delinquent employee benefit contributions pursuant to the collective bargaining agreement. The Pump House raised the affirmative defense of fraudulent inducement. Over the trustees' objection, the district court heard evidence on this issue, and determined that the collective bargaining agreement was unenforceable. It then concluded that the trustees, as third-party beneficiaries of that agreement, were subject to any defense which could be raised against the union, the primary obligor. It then entered judgment in favor of the Pump House. This appeal followed.

The dispositive issue on this appeal is whether the district court erred in concluding that the defense of fraud in the inducement is available to an employer in an action by employee benefit fund trustees to collect delinquent contributions.

■ This action was brought by the trustees pursuant to federal substantive law. Section 515 of ERISA permits the trustees to enforce the Pump House's contractual obligation to contribute to the various plaintiff fringe benefit funds. Section 514 of ERISA provides that the ERISA statute "shall supersede any and all State laws insofar as they may now and hereafter relate to any employee benefit plan." Thus, ERISA § 515 plainly preempts state law.

■ Further, appellants are trustees of multi-employer funds administered under § 302 of the Labor Management Relations Act which exempts payments to bona fide trust funds from the statute's broad criminal prohibitions, provided that "the detailed

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund." Accordingly, the administration of these funds and their payments by contributing employers are clearly governed by federal law.

As a matter of federal constitutional law, regulation by federal statute may not be undermined by conflicting state law. The Supreme Court has made clear that in areas

> within which the policy of the law is so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law having its source in those statutes, rather than local law.

*Sola Electric Co. v. Jefferson Electric Company,* 317 U.S. 173, 176, 63 S.Ct. 172, 174, 87 L.Ed. 165 (1942). Thus, given the statutory frame work for this case, it is clear that the Pump House's affirmative defense of fraud in the inducement must be considered in the context of federal law and that the district court erred in applying traditional state law principle of contract law.

Two courts of appeal have addressed the issue of whether the fraud defense raised here is available in collection actions brought by fund trustees. Both courts have held that the defense of fraud in the inducement is not available to employers in such actions. *Southern California Retail Clerks Pension Fund v. Bjorklund,* 728 F.2d 1262 (9th Cir.1984); *Mo-Kan Teamsters Pension Fund v. Creason,* 716 F.2d 772 (10th Cir.1983); *Waggoner v. Dallaire,* 649 F.2d 1362 (9th Cir.1981).

In *Waggoner,* the employer testified that a union business agent promised not to enforce the terms of the agreement if the employer signed a "short form" agreement and agreed to adhere to the contract until a certain construction project was completed. 649 F.2d at 1365. The trial court held the agreement invalid because of fraud in the inducement. The court of appeals held, first, that federal, not state law applied. *Id.* It further held, that given the prohibi-

tions of Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, against oral modification of written fund agreements, the employer's obligation to contribute to the funds could not be deemed to have been altered by the union's promise not to enforce it. *Id.* at 1366.

We find that the Ninth Circuit case is directly on point. We agree with the Ninth Circuit. Accordingly, we hold that the defense of fraud in the inducement is unavailable as a defense to an action by employee benefit fund trustees to collect delinquent contributions. Therefore, we REVERSE the judgment of the district court and REMAND, with instructions to enter judgment in favor of the trustees.