UNITED STATES of America

v.

Charles ZUBIK and Manufacturers Casualty Insurance Company.

Civ. A. No. 11747.

United States District Court
W. D. Pennsylvania.

April 11, 1956.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Campbell, Houck & Thomas, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This is an action by the United States of America to recover damages allegedly occasioned by a forced delay in the sale of a barge.

It is contended that Charles Zubik, in an unsuccessful appeal to the United States Court of Appeals for the Third Circuit, 190 F.2d 278; 202 F.2d 599, petitioning for possession of said barge, caused damages to the United States of America for the following:

1. Difference between previous high bid submitted by National Barge Company and the subsequent lower sale price following appeal.

2. Custodial charges.

3. Cost of re-advertising.

4. Court costs.

The Manufacturers Casualty Company, having posted the supersedeas bond for the appeal, is an additional defendant to the proceeding.

Upon complete and exhaustive nonjury trial, it appeared to be not in dispute that subsequent to the receipt of the firm bid of National Barge Company, the Corps of Engineers, upon knowledge of the pendency of the appeal enjoining the sale, afforded an opportunity to the bidders, including National Barge Company to withdraw. Those who chose not to withdraw their bids were advised that the determination of the award and sale must await disposition of the appeal.

The National Barge Company failed to withdraw its bid after being notified of the modifications of the invitation for bids and thereby permitted its bid to be opened subject to such modifications.

Since the National Barge Company permitted its bid to be opened subject to the proffered modification, I must conclude that it could not thereafter be withdrawn, and the United States of America could have required the National Barge Company to abide by its firm offer. United States v. Lipman, D.C., 122 F.Supp. 284.

I must find, therefore, that any damages which arose to the United States of America resulting from the sale of the barge after the appeal for a lower bid than that proffered by the National Barge Company was due to the failure of the United States of America to give effect to the bid of the National Barge Company.

Since the damages in failing to hold National Barge Company to its bid arose through the fault and judgment of the United States of America, the damages, which naturally flowed therefrom, should not be imposed upon the defendants.

It is my judgment, however, that defendants should be required to assume the custodial charges which, consequent to the appeal, would have resulted even though the United States had invoked the bid of the National Barge Company.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. On November 27, 1950, an iron-laden steel barge belonging to American Barge Lines Company broke loose from its moorings, struck a pier and sank to the bottom of the navigable channel of the Allegheny River at Pittsburgh, Pennsylvania.

2. The Corps of Engineers, United States Army, at Pittsburgh directed the American Barge Lines to remove the sunken barge by March 5, 1951.

3. On March 7, 1951, while the barge was still on the bottom of the river, American Barge Lines Company sold the

barge to Zubik and notified the Corps of Engineers.

4. On March 10, 1951, and pursuant to Federal Statute, 33 U.S.C.A. § 414, the Corps of Engineers raised the barge from the bottom of the river and took possession of it.

5. On April 3, 1951, the barge was offered for sale by the Corps of Engineers by Invitation No. Civeng–S–36–058–51–18.

6. On April 5, 1951, Zubik filed a libel in personam under the Suits in Admiralty Acts, 46 U.S.C.A. § 741 et seq., against the United States in the District Court for the Western District of Pennsylvania, seeking return of the barge upon payment of the removal expenses.

7. On April 10, 1951, five days after the filing of the libel and before any responsive pleading had been filed, Zubik presented to the District Court a petition seeking a rule on the Corps of Engineers to show cause why the barge should not be returned to Zubik and an order restraining the proposed sale until determination of the proceedings upon its merits. The petition was denied by the District Court and Zubik appealed.

8. On April 13, 1951, the Honorable Austin L. Staley, Circuit Judge, United States Court of Appeals for the Third Circuit, signed an order restraining the sale and a supersedeas and cost bond in the amount of $2,000 was filed. The restraining order was served on the Corps of Engineers at 10:30 A.M. on April 13, 1951. The order provided that the Corps of Engineers "be restrained from proceeding with the sale of the barge."

9. At 11:00 A.M., April 13, 1951, the following public announcement was made by Colonel Conrad P. Hardy immediately prior to opening the bids submitted in response to Invitation No. Civeng–S–36–058–51–18:

"Subsequent to the issuance of the Invitation for Bids, litigation has arisen enjoining the sale of the Barge which is advertised for sale. Any bidder who wishes to withdraw his bid by reason of that litigation is free to do so at this time. Those who choose not to withdraw their bid are advised that determination of award and sale must await settlement of the litigation."

10. No one requested withdrawal of his bid and the following bids were received and opened:

| Bid No. | Name | Amount |
|---|---|---|
| Bid No. 1 | Charles Zubik | $14,200.00 |
| Bid No. 2 | Phil C. Helsey | 8,200.00 |
| Bid No. 3 | National Barge Co. | 19,100.00 |
| Bid No. 4 | C. Peters | 5,000.00 |
| Bid No. 5 | Monongahela Metal & Iron Co. | 15,000.00 |
| Bid No. 6 | Wheeling Steel Corporation | 8,100.00 |
| Bid No. 7 | Hillman Transportation Co. | 12,600.00 |

11. Bidders were not required to be present at the bid opening.

12. Immediately after the bid opening there was a discussion between representatives of the Corps of Engineers and the President of National Barge Line Company concerning the nature of the pending legal action and National Barge Line Company was requested to extend the time for acceptance of its bid. The Barge Line Company's bid specified that its bid must be accepted within 10 calendar days after the date of opening. The discussion and request was confirmed by letter from the Corps of Engineers to National Barge Line Company dated April 13, 1951.

13. By letter dated April 14, 1951, National Barge advised that they were considering granting an extension in time for acceptance of its bid and would advise in a few days.

14. By letter dated April 19, 1951, National Barge Line Company notified the Corps of Engineers that it refused to extend the time for acceptance of its bid, "Due to the uncertainty of delivery time", and requested return of its check for $3,820.

15. On April 24, 1951, Judge Austin L. Staley ordered the supersedeas bond increased from $2,000 to $10,000.

16. By letter dated April 24, 1951, the Corps of Engineers returned National Barge Line Company's Treasurer's Check in the amount of $3,820 which was submitted with their bid and advised that company and all other bidders including Zubik by letters bearing the same date:

"No award will be made under the captioned invitation by reason of a restraining order issued by the United States Circuit Court of Appeals."

17. On July 11, 1951, the United States Court of Appeals for the Third Circuit sustained the District Court, thereby removing the restraining order.

18. On July 30, 1951, the barge was again offered for sale by the Corps of Engineers by Invitation No. Civeng–S–36–058–52–1.

19. The following bids were received and opened at 11:00 A.M. on 9 August 1951 pursuant to the second invitation for bids:

| Bid No. | Name | Amount |
| --- | --- | --- |
| Bid No. 1 | Oil Transport Co. | $ 3,000.00 |
| Bid No. 2 | Ralph Baggley, Jr. | 17,750.00 |
| Bid No. 3 | Charles Zubik | 15,333.93 |
| Bid No. 4 | Edward F. Smith | 13,013.13 |

and award was made to Ralph Baggley, Jr., at his bid price of $17,750.

20. The United States claims damages for the difference between the sale price and the bid of National Barge Company, custodial charges, cost of re-advertising and court costs allegedly caused by the unsuccessful appeal of Charles Zubik.

### Conclusions of Law

1. When the National Barge Company failed to withdraw its bid after being notified by plaintiff of the modifications of the invitation for bids as originally presented and permitted its bid to be opened subject to such modifications, plaintiff had a firm offer which it could have accepted upon the termination of any litigation referred to and made a condition of plaintiff's modified invitation for bids.

2. When the National Barge Company permitted its bid to be opened it could not thereafter be withdrawn, and plaintiff was required to accept such bid as being the highest responsible bid under the modified terms of its invitation for bids in the absence of fraud, collusion or an honest mistake.

3. When the plaintiff elected not to hold the National Barge Company to its firm bid submitted under its amended offer and voluntarily returned the deposit of the National Barge Company in the amount of $3,820 prior to the termination of the pending litigation referred to and made a condition of plaintiff's modified invitation for bids, plaintiff voluntarily elected not to accept the offer of the highest responsible bidder and thereby voluntarily relinquished its contractual right to hold National Barge Company to its bid.

4. By reason of failure of plaintiff to accept the bid of National Barge Company, it by so doing foreclosed its right to proceed in the above captioned action against Charles Zubik and Manufacturers Casualty Insurance Company, defendants, for any damages arising from its fault.

5. Subsequent to the issuance of the Restraining Order and the supersedeas by the United States Court of Appeals of the Third Circuit on April 13, 1951, the United States was required to undergo custodial charges at the rate of $2.25 per day in order to retain possession of said barge pending disposition of the legal proceedings.

6. Subsequent to July 11, 1951, being the date that the United States Court of Appeals of the Third Circuit removed the Restraining Order, the United States was justified in continuing to pay custodial charges for a reasonable period in order to give application to the normal

requisite for re-sale of said barge. Re-sale of said barge on August 9, 1951 constituted such a reasonable period.

7. Charles Zubik and Manufacturers Casualty Insurance Company should be required to assume the custodial charges for the period from April 14, 1951 to August 9, 1951 comprising 117 days at $2.25 per day.

An appropriate Order is entered.